In the

# United States Court of Appeals
## for the Seventh Circuit

No. 26-1406

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ROBERT E. CARTER,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 22-cr-124-wmc — **William M. Conley**, *Judge*.

DECIDED JULY 17, 2026

Before SYKES, HAMILTON, and JACKSON-AKIWUMI, *Circuit Judges*.

PER CURIAM. The government has moved to dismiss Robert Carter's untimely appeal from the denial of his motion for compassionate release from his wire-fraud sentence. Carter has not moved for an extension of time, though Rule 4 of the Federal Rules of Appellate Procedure authorizes the district court in both civil and criminal cases to extend the time to file a notice of appeal for good cause or excusable neglect. Rule 4(a)(5) governs civil litigation, and Rule 4(b)(4)

governs criminal litigation, and although they share many similarities, they also have important differences. Carter's failure to file an extension motion would be fatal to an untimely civil appeal, but he argues that the text of Rule 4(b)(4) compels a different result. We agree and therefore ask the district judge to decide whether an extension of time is appropriate here.

Carter moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing the need to care for his wife's grandparents. The district judge denied the motion on February 6, 2026. A notice of appeal was due 14 days later. *See* FED. R. APP. P. 4(b)(1). The court did not receive Carter's notice of appeal until March 2. The notice was postmarked on February 27, but even with the benefit of the prison-mailbox rule, that date remains one week too late. *See id.* R. 4(c). Carter thus needs an extension of time to make his appeal timely.

Rule 4(b)(4) governs extensions of time to appeal in criminal cases. It provides:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

*Id.* R. 4(b)(4).

As Carter observes, the plain text of this rule does not require him to file a motion to obtain an extension of time. The district court may extend the time "with or without motion." This contrasts with Rule 4(a)(5)(A), which permits an extension only "if a party so moves no later than 30 days after the

time prescribed by … Rule 4(a) expires." Likewise, the statute governing extensions of time in civil cases requires that the court act "upon motion," 28 U.S.C. § 2107(c), and the absence of a timely motion showing good cause or excusable neglect is a jurisdictional defect, *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, 926 F.3d 427, 431 (7th Cir. 2019); *see U.S. ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 1240 (7th Cir. 1986). Unlike the *showing* demanded by statute and rule in civil cases, Rule 4(b)(4) requires only a *finding* of good cause in criminal cases, precisely because no motion is required. *See* R. 4(b)(4) advisory committee's note to 1998 amendment.

Other differences further highlight the reduced focus on motions to extend time in criminal cases. In a civil case, a judge may extend the time to any date up to 14 days after the order granting a timely extension motion. *Id.* R. 4(a)(5)(C). By contrast, in a criminal case, the extension cannot exceed 30 days after the initial deadline, regardless of when the motion is filed or granted. R. 4(b)(4). But if a notice of appeal is filed within that 30-day window, the motion itself "can be filed any time," including long after the appeal has been docketed. *United States v. Dominguez*, 810 F.2d 128, 129 (7th Cir. 1987); *see also United States v. Kaden*, 819 F.2d 813, 816–17 (7th Cir. 1987) (upholding an extension granted on a motion filed after remand). Carter has not taken the opportunity to move for an extension of time, though he could file such a motion tomorrow or a year from now and still comply with Rule 4(b)(4), and with a finding in his favor from the district judge, make the appeal timely.

Carter first argues that he is not obligated to move for an extension because he believes the judge implicitly granted one by docketing his notice of appeal after the deadline. He relies on our decision in *United States v. Roberts*, 749 F.2d 404

(7th Cir. 1984), *abrogated on other grounds by Libretti v. United States*, 516 U.S. 29 (1995). There we noted that the Eighth Circuit had construed the acceptance of an untimely notice of appeal as an implicit extension of time. *Id.* at 408 (citing *United States v. Williams*, 508 F.2d 410, 410 (8th Cir. 1974)). We doubted "whether such a broad rule is or ought to be the rule" in this circuit because notices of appeal are routinely docketed by the clerk without the involvement of a judge. *Id.* And we also could not say, as we had in *United States v. Ford*, 627 F.2d 807, 811 (7th Cir. 1980), that denying an extension would have been an abuse of discretion. But on the specific facts in *Roberts*—the defendant had sent the court letters demonstrating his ignorance of the judgment—we nevertheless determined that acceptance of the notice was "tantamount to a finding of excusable neglect." *Roberts*, 749 F.2d at 409. Carter's situation is not comparable, so his case does not fit within the narrow, fact-bound holding of *Roberts*.

Regardless, our skepticism of implicit extensions of time has only deepened. The docketing of a notice of appeal is a ministerial act. The clerk may not reject a document because it fails to comply with the formal requirements of the rules, FED. R. CRIM. P. 49(b)(5), or because it violates time limitations, and "*must* promptly send a copy of the notice of appeal … to the clerk of the court of appeals," FED. R. APP. P. 3(d)(1) (emphasis added). Because a district judge is not involved, no judicial findings may be inferred from the clerk's actions. In practice, inferring an implicit extension would replace the 14-day deadline to appeal with a 44-day deadline. For these reasons, other courts of appeals, including the Eighth Circuit, have refused to extend the implicit-extension logic that Carter urges. *See, e.g.*, *United States v. Long*, 905 F.2d 1572, 1574 (D.C. Cir. 1990); *United States v. Anna*, 843 F.2d 1146, 1147 (8th Cir. 1988); *United States v. Lucas*, 597 F.2d 243, 245 (10th Cir. 1979).

We agree and reiterate that notwithstanding the one-off exceptions we permitted in *Roberts* and *Ford*, the docketing of an untimely notice of appeal does not implicitly extend the appeal deadline. An extension of time requires a finding of good cause or excusable neglect from the district judge.

In the alternative, Carter urges us to direct the district judge to make the necessary finding regarding the existence of good cause or excusable neglect. He could simply ask the judge himself by filing a motion—again there is no deadline—and we encourage litigants to file a motion to present their best arguments for an extension. But considering the plain text of Rule 4(b)(4) (and recognizing that most untimely notices of appeal in criminal cases are filed by unsophisticated pro se prisoners), we agree that if a notice of appeal is filed in a criminal case within Rule 4(b)(4)'s 30-day extension window, we should not dismiss the appeal until the district judge has made a finding on whether an extension of time is justified, even when the appellant has not filed a motion.

In requesting a finding under Rule 4(b)(4) even in the absence of a motion, we find ourselves in good company. Carter asks us to join the Sixth Circuit, which reached this result in 2020. *United States v. Payton*, 979 F.3d 388, 390 (6th Cir. 2020). In doing so, the Sixth Circuit recognized that it was joining an established consensus. *See United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003); *United States v. Ono*, 72 F.3d 101, 103 (9th Cir. 1995); *United States v. Batista*, 22 F.3d 492, 493 (2d Cir. 1994); *Anna*, 843 F.2d at 1147 & n.2; *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985); *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984); *United States v. Rothseiden*, 680 F.2d 96, 98 (11th Cir. 1982). No circuit has rejected or even apparently criticized this interpretation, which also enjoys the support of commentators. *See* 16A WRIGHT &

MILLER'S FEDERAL PRACTICE & PROCEDURE § 3950.9 & nn.15–16
(5th ed. 2026); 20 MOORE'S FEDERAL PRACTICE § 304.25 & n.6
(3d ed. 2026).

We have not squarely endorsed this practice before today,
but the government offers us no reason to create a circuit split.
The government emphasizes that Carter must comply with
deadlines, but withholding dismissal until the district court
has considered whether to authorize an extension does not
undermine the 14-day deadline. A litigant who files an un-
timely appeal still "must throw himself on the mercy of the
district judge." *United States v. Kimberlin*, 898 F.2d 1262, 1264
(7th Cir. 1990). Postponing the dismissal of an untimely ap-
peal simply gives us an opportunity to be certain that the
judge has considered whether to grant such mercy.

There is one complicating factor. Unlike in a civil case, the
deadline to file a notice of appeal in a criminal case—with or
without an extension—is not jurisdictional; instead, it is a
claim-processing rule that the government may forfeit or
waive. *See United States v. Neff*, 598 F.3d 320, 323 (7th Cir.
2010). For many years our practice was to issue a sua sponte
order when a newly docketed appeal appeared to be un-
timely; these orders advised the defendant that he could
move for an extension and asked the government whether it
would waive any defect. But we have since changed our pol-
icy and do not address the timeliness of an appeal in a crimi-
nal case unless and until the government has raised the argu-
ment in a motion to dismiss or in its brief on appeal (assuming
it has preserved the argument in its docketing statement, *see
Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019)).
This change recognizes the forfeitable nature of the deadline
and saves our effort when the government has no intention of
seeking enforcement of Rule 4(b).

The district court should benefit from the same saving of resources. District judges are free—as they have always been—to grant an extension of time without either party's input. But they are not required to address the matter of an extension until the appellant expressly moves for one or we notify the court that a party has raised the issue of untimeliness. If we notify the court that a party has raised the issue, the judge may grant an extension if the existing record is sufficient to support the necessary findings regarding good cause or excusable neglect. Or the judge may request further submissions and set a reasonable schedule for the appellant to explain why an extension is justified (what is, in substance, the optional motion permitted by Rule 4(b)(4)). But until the judge rules either way, we will suspend our proceedings.

Here, the government has moved to dismiss this appeal. We therefore suspend further proceedings pending the district court's findings on whether Carter's one-week delay in filing his notice of appeal might be attributable to good cause or excusable neglect. The clerk of this court shall transfer to the district court a copy of this opinion and Carter's response to the motion to dismiss for consideration along with any other papers the judge may request from the parties.

So ordered.